**CIRCUIT/CHANCERY COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2015 Dec 02 PM 5:28
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. _CT-004956-15_   ● Lawsuit  ○ Divorce     Ad Damnum $ _____

*Alexander Steele, Plaintiff*

VS

*Newegg, Inc and Staffmark Investments, LLC - Defendants*

Plaintiff(s)                              Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

*Corporation Service Company*
*Registered Agent for Staffmark*
*Investments, LLC*
*2908 Poston Ave.*
*Nashville, TN 37203*

Method of Service:
☒ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on                                    Plaintiff's

attorney, whose address is

telephone                               within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____        By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

<div style="border:1px solid">

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____
Signature of person accepting service               Sheriff or other authorized person to serve process

</div>

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      ALEXANDER STEELE VS STAFFMARK INVESTMENTS

**Case Number:**   CT-004956-15

**Type:**             SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 12/03/2015 08:02:24 AM



# Notice of Service of Process

null / ALL
**Transmittal Number: 14554082**
**Date Processed: 12/09/2015**

| | |
|---|---|
| **Primary Contact:** | Ms. Kathryn Bernard<br>CBS Personnel Services LLC<br>201 East 4th Street<br>Suite 800<br>Cincinnati, OH 45202 |
| **Copy of transmittal only provided to:** | Wendy Titelman<br>Ms. Melissa Bowman |

| | |
|---|---|
| **Entity:** | Staffmark Investment LLC<br>Entity ID Number  2797372 |
| **Entity Served:** | Staffmark Investments, LLC |
| **Title of Action:** | Alexander Steele vs. Staffmark Investment, LLC |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court/Agency:** | Memphis Circuit Court, Tennessee |
| **Case/Reference No:** | CT-004956-15 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 12/08/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Laura Ann E. Bailey<br>800-403-7868 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

**Notice of Lawsuit and Request for**

**Waiver of Service of Summons**

TO: Corporation Service Company as Registered Agent of Staffmark Investments, LLC

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the Circuit court for Shelby County, Tennessee and has been assigned civil action number **CT-004956-15**.

This is not a formal summons or notification from the court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Tennessee Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this day of December 2, 2015.

_Name of Plaintiff's Attorney or_
Unrepresented Plaintiff

## Waiver of Service of Summons

TO: **Staffmark Investments, LLC**

I acknowledge receipt of your request that I waive service of a summons in the action of **Steele v. Staffmark Investments, LLC, and Newegg, Inc.**, which is civil action number **CT-004956-15** in the Circuit Court of Shelby County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment maybe entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **December 2, 2015.**

1/8/16

Date

Signature

Printed/typed name: Patrick T. Treacy
as Assistant General Counsel
of Staffmark Investment, LLC.

ELECTRONICALLY FILED
2015 Dec 01 PM 4:44
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF TENNESSEE
## THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, TENNESSEE

| | | |
|---|---|---|
| **ALEXANDER N. STEELE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:** _____ |
| **v.** | ) | |
| | ) | **JURY DEMANDED** |
| **STAFFMARK INVESTMENTS, LLC,** | ) | |
| *a Delaware Limited Liability Company, and* | ) | |
| **Newegg Inc.,** *a Delaware Corporation,* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### VERIFIED AMENDED COMPLAINT FOR VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

---

**COMES NOW** the Plaintiff, Alexander Steele (hereinafter referred to as "Mr. Steele"), by and through counsel, and for his Complaint against Defendants, Staffmark Investments, LLC, (hereinafter "Staffmark"), and Newegg Inc., (hereinafter "Newegg") states as follows:

### NATURE OF THE COMPLAINT

1.  Mr. Steele brings a cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.  Mr. Steele brings this action against Defendants, Staffmark Investments, LLC, a Delaware Limited Liability Company, and Newegg Inc., for unpaid overtime compensation and related penalties and damages and for failure to pay him for all hours worked. He alleges, that

Defendants failed and refused to pay him overtime pay for overtime worked and failed and refused to pay him straight time for all hours worked.

3.      Defendants' practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Mr. Steele seeks declaratory relief, overtime premiums for all overtime work required, suffered, or permitted by Defendants and straight time wages for all hours worked and not compensated liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

4.      Defendants' practice and policy is, and has been since on or about February 2014 to willfully fail and refuse to pay overtime compensation due and owing to Mr. Steele in violation of the FLSA, and to willfully fail to compensate Mr. Steele for all hours worked while employed by Defendant.

5.      Defendants instituted and carried out an unlawful policy and practice of refusing to pay Mr. Steele for all time worked and refusing to pay him overtime for all hours worked in any given work week over forty, notwithstanding that he as an non-exempt employee is entitled to overtime pay under the FLSA.

6.      From approximately the end of February 2014 to on or about April 20, 2014, Mr. Steele worked 20 overtime hours per week without proper overtime compensation.

## PARTIES

7.      Mr. Steele is a resident of Memphis, Shelby County, Tennessee.

8.      At all relevant times, Mr. Steele was an employee of Defendants for FLSA purposes.

9.      Defendant Staffmark Investments, LLC is a limited liability company organized under the laws of the State of Delaware with a place of business in Memphis, Tennessee and may

be served through its registered agent Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203-1312. At all relevant times complained of herein, Defendant was an employer as contemplated in T.C.A. §4-21-102(4).

10.    Defendant Newegg, Inc. is a company organized under the laws of the State of Delaware with a place of business in Memphis, Tennessee and may be served through its registered agent Corporation Service Company at Ste 301, 999 South Shady Grove Road, Memphis, Tennessee, 38120-4126. At all relevant times complained of herein, Defendant was an employer as contemplated in T.C.A. §4-21-102(4).

## JURISDICTION AND VENUE

11.    This Court has original subject matter jurisdiction pursuant to section 216(b) of the Fair Labor Standards Act which confers jurisdiction on any competent State Court.

12.    This Court has personal jurisdiction over Defendants because they are doing business in Tennessee and within this Judicial District.

13.    Venue is proper in this Judicial District pursuant to T.C.A 20-4-104(1) the Defendants are not natural persons and this is the county in which all or a substantial part of the events giving rise to the cause of action accrued.

## FACTUAL BACKGROUND

14.    Defendants employed Mr. Steele from approximately the end of February 2014 until on or about April 20, 2014.

15.    On or about the end of February 2014, Mr. Steele was initially hired by Defendant Staffmark and was assigned to its customer, Defendant, Newegg, Inc. as a picker/packer.

16.    Defendants failed and refused to pay Mr. Steele straight time for all time worked over forty (40) hours per week and failed and refused to pay overtime compensation for all hours

3

worked in any given work week over forty (40). As a result of not being paid for hours worked over 40, Mr. Steele pay rate fell below the federal minimum wage.

17. Mr. Steele was paid the same amount every week, regardless of the number of hours he worked.

18. Mr. Steele routinely worked more than forty (40) hours in a given work week.

19. Mr. Steele was not responsible for determining employees' pay rates and work hours.

20. Mr. Steele did not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

21. Mr. Steele was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

22. Mr. Steele did not discipline Defendants' employees and was not in charge of resolving their complaints.

23. Mr. Steele was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought and used by Defendants neither did he control the flow and distribution of said materials.

24. Mr. Steele was not responsible for the safety of the employees and property of Defendants.

25. Defendants refused to pay Mr. Steele one and one half times his regular rate (overtime compensation) for each hours he worked over forty (40).

26. Mr. Steele was a non-exempt employee.

27. Defendants required Mr. Steele to work more than forty (40) hours a week and did not compensate him for hours worked over forty (40).

4

28.     Defendants told Mr. Steele which work assignments to complete, when they had to be completed, and how work should be performed.

29.     Defendants had the power to hire and fire Mr. Steele.

30.     Defendants controlled the number of hours Mr. Steele worked and the rate and method of his payment.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31.     Mr. Steele, on behalf of himself re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 30 as they were set forth fully herein.

32.     Upon information and belief, at all relevant times, Defendants have been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

33.     Upon information and belief, at all relevant times, Defendants employed and/or continues to employ "employee[s]."

34.     Upon information and belief, at all relevant times, Defendants had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

35.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. As a result of not being paid for Mr. Steele's hours worked over 40, Mr. Steele pay rate fell below the federal minimum wage.

36.     Mr. Steele is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.  Mr. Steele is entitled to be paid compensation for all hours

worked and are entitled to be paid overtime compensation for all hours worked over forty in a given work week.

37.     As a result of Defendants' failure to compensate Mr. Steele for all hours worked and to compensate him at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.     Defendants were joint employers of Plaintiff.

40.     Defendants acted as one employer.

41.     Both Defendants hired Plaintiff.

42.     Both Defendants set and determined Plaintiff's rate of pay and method of payment.

43.     Both Defendants exercised control over the terms and conditions of Plaintiffs employment.

## COUNT II

### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.     Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 – 43.

45.     During the course of his employment at Defendants, on or about the middle of February 2014, Mr. Steele complained to Edward Harness, his supervisor at Newegg, Inc. about Defendants' practice of not compensating him for his hours worked over forty (40).

46.     Mr. Steele also spoke with his recruiting manager at Staffmark, Ms. Tonya Wallace about Defendants' practice of not compensating him for his hours worked over forty (40).

47.     During March 2014, Ms. Wallace threatened Mr. Steele saying, "If you show that to anyone other than me, I'm going to fire you."

48.     After complaining to both Newegg and Staffmark, Eric Sanders, a supervisor at Newegg, began to harass Mr. Steele.

49.     Eric Sanders stated that Mr. Steele did not deserve overtime pay and would harass him by following Mr. Steele around the factory and to the bathroom.

50.     Mr. Steele's complaints about his lack of compensation for his overtime hours are protected activity under the FLSA.

51.     As a result of his protected activity, Defendants ultimately fired Mr. Steele in retaliation for those complaints in violation of 29 U.S.C. §215(3).

52.     As a result of Defendants' unlawful acts, Mr. Steele suffered and will continue to suffer loss of earnings and fringe benefits.

53.     Mr. Steele also seeks reimbursement of his attorneys' fees, costs and expenses of the litigation pursuant to the FLSA, as well as interest on any judgment.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Steele prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-Judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. Steele hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: December _1_, 2015

Respectfully submitted,

Laura Ann E. Bailey, TN Bar No. 027078
Alan G. Crone, TN Bar No. 014285
CRONE & McEVOY, PLC
5583 Murray Road, Suite 120
Memphis, TN 38119
800.403.7868 (voice)
901.737.7740 (voice)
901.737.7558 (fax)
acrone@thecmfirm.com
lbailey@thecmfirm.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

I, Alexander Steele, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

Alexander Steele

Date: 11/23/ 2015

9



045J83208848

$0.48⁵

12/02/2015

Mailed From 38119

US POSTAGE

neopost

Crone & McEvoy, PLC
5583 Murray Rd, Ste 120
Memphis, TN 38119
(901) 737-7740




045J83208848
**$1.42⁰**
12/02/2015
Mailed From 38119



# Crone & McEvoy PLC
*Attorneys-At-Law*

5583 Murray Road, Suite 120
Memphis, TN 38119

Corporation Service Company
Registered Agent for Staffmark Investments, LLC
2908 Poston Avenue
Nashville, TN 37203

**CIRCUIT/CHANCERY COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2015 Dec 02 PM 5:28
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. *CT - 004956-15*

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

*Alexander Steele, Plaintiff*

VS

*Newegs, Inc. and Stoffmark Investments, LLC - Defendants*

Plaintiff(s)

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

*Corporation Service Company*
*Registered Agent for Newegg, Inc.*
*999 South Shady Grove Rd. Ste 301*
*Memphis, TN 38120*

Method of Service:
☒ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on _____ Plaintiff's

attorney, whose address is

telephone _____ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE , Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____


_____                By: _____
Signature of person accepting service                                        Sheriff or other authorized person to serve process


### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.


                                                        By: _____
                                                                Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**         ALEXANDER STEELE VS STAFFMARK INVESTMENTS

**Case Number:**      CT-004956-15

**Type:**                SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 12/03/2015 08:02:24 AM

### Waiver of Service of Summons

TO: **Newegg, Inc**

I acknowledge receipt of your request that I waive service of a summons in the action of **Steele v. Staffmark Investments, LLC, and Newegg, Inc.**, which is civil action number **CT-004956-15** in the Circuit Court of Shelby County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment maybe entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **December 16, 2015**.

1-12-2016

Date                                    Signature

Printed/typed name: Matthew Strathman
as General Counsel
of Newegg Inc. .