## SETTLEMENT & RELEASE AGREEMENT

Alexander N. Steele ("Plaintiff"), and Staffmark Investments, LLC ("Staffmark" or "Defendant") and Newegg Inc. ("Newegg" or "Defendant"), (collectively referred to as the "Parties"), hereby enter into this Settlement and Release Agreement (hereinafter sometimes referred to as "Agreement"), to resolve all claims and potential claims by Plaintiff against Defendants.

## RECITALS

Plaintiff filed a Complaint against Defendants, to wit: *Steele v. Staffmark Investments, Inc. and Newegg Inc*, in the Circuit Court for Shelby County, Tennessee, Civil Action Number 15-04956. Defendants removed the action to the United States District Court for the Western District of Tennessee, No. 2:16-CV-02069. Plaintiff's lawsuit alleges various claims under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter referred to as the "Litigation"). The Parties now wish amicably to resolve their disputes and fully end the litigation. In consideration of the covenants and promises set forth below, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## PROMISES & ACKNOWLEDGEMENTS

1.  Within ten (10) days of the last date of execution of this Agreement by all Parties, Plaintiff and his attorney will dismiss the lawsuit he filed against Defendants with prejudice in accordance with the "Joint Stipulation of Dismissal" and "Proposed Order of Dismissal" attached hereto as Attachment A and will likewise dismiss any other lawsuits or claims that he may have pending against Defendants.

2.  Plaintiff unconditionally releases and discharges the Defendants (as well as any of their parent companies, subsidiaries or affiliated companies, and any past or

present directors, employees, agents or attorneys) from any and all claims, causes of action, demands or controversies of any kind or character, whether known or unknown at this time, and whether arising under any federal, state or local law, or any contract.  The rights and claims Plaintiff is releasing and discharging include those which could arise under the following statutes and their amendments: the Fair Labor Standards Act ("FLSA"); Family Medical Leave Act of 1993 (29 U.S.C. § 2601 *et seq.*); Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*); the Tennessee Human Rights Act (TENN. CODE ANN. § 4-21-101 *et seq.)*; the Americans with Disabilities Act, as amended (42 U.S.C. § 12101 *et seq.*); the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (except such rights as may be vested under any retirement plan sponsored by the Company); or any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent infliction of emotional distress, defamation, interference with contract; as well as any other federal, state or local law, whether in tort or under any contract.  Plaintiff understands his release of all claims that he has or may have against the Defendants is irrevocable and will be effective immediately after he signs this Agreement.

      3.    This Agreement does not affect Plaintiff's right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or any similar state agency, or to participate as a witness in an investigation or proceeding conducted by any governmental agency.  If Plaintiff does participate in any sort of investigation or lawsuit brought by a third party against either Defendant, Plaintiff agrees he will not receive any sort of financial or other benefit from that investigation or lawsuit.

4.Plaintiff agrees he will not seek re-employment with Staffmark or Newegg, or any parent companies, subsidiaries, or affiliated companies of Staffmark or Newegg, at any time in the future; he waives any and all rights he may have under any contract, law, or other source of rights to employment with such companies; he is not eligible for employment with such companies; and it is his intention to withdraw forever from the prospective pool of applicants seeking employment with those companies.

5.In return for Plaintiff's promises in this Agreement, Defendants agree, within fourteen (14) days of the Court's entry of the dismissal, to pay the total amount of Nine Thousand Dollars ($9,000.00) ("Settlement Sum") to Plaintiff and his attorney, the receipt and sufficiency of which is hereby acknowledged. The payment of the Settlement Sum will be in three (3) checks as follows:

a.Defendants agree to pay one check in the amount $2,750.00, less applicable state and federal withholding deductions ("the Payroll Check"), representing a compromise and settlement of any and all claims by Plaintiff against Defendants for alleged unpaid overtime wages. For income tax purposes, Defendants agree to issue IRS Tax Form W-2 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS regulations. The check will be made payable to "Alexander Steele."

b.Defendants agree to pay a second check in the amount of $2,750.00 representing a compromise and settlement of any and all claims by Plaintiff against Defendants for alleged liquidated damages. For income tax purposes, Defendants agree to issue IRS Tax Form 1099 reflecting the amount in this subparagraph at the appropriate time pursuant to IRS Regulations. The check will be made payable to "Alexander Steele." Plaintiff must complete and return a Form W-9 in order for payment to be processed by Defendants; and

c.Defendants agree to pay $3,500.00, representing attorneys' fees and expenses incurred on Plaintiff's behalf for the filing and prosecution of this lawsuit. The check will be

        made payable to "The Crone Law Firm, PLC"  For income tax purposes, Defendants shall issue IRS Tax Form 1099-MISC to The Crone Law Firm, PLC reflecting these attorneys' fees and expenses, at the appropriate time pursuant to IRS regulations.  The Crone Law Firm, PLC must complete and returns a Form W-9 in order for payment to be processed by Defendants.

6. Plaintiff agrees he will be solely responsible for all federal, state and local taxes that he may owe by virtue of his receipt of any money pursuant to this Agreement,

7. Plaintiff acknowledges and agrees that neither Defendants nor any of Defendants' representatives have made any representations to him regarding the tax consequences of any amount received by him pursuant to this Agreement.  Plaintiff also agrees his decision to enter into this Agreement is not based, in any way, on any statement or representation made by the Defendants or their attorneys – other than, of course, those statements and representations made in this document.  This Agreement sets forth the entire understanding between Plaintiff and Defendants.  No other agreements have been made either orally or in writing.  This Agreement may be amended only by a written agreement signed by all parties.

8. Plaintiff agrees to indemnify and hold Defendants harmless from any and all liability which may be asserted against it by the United States of America or any state or local municipalities for Social Security, income tax or any other tax claimed to be owed in connection with Defendants' payment of the Settlement Sum, together with any interest and penalties thereon.

9. This Agreement is made to avoid the cost and effort of continued litigation.  This Agreement shall not be construed as any sort of admission of wrongdoing.

3774169v.1
3833833v.1

10. Plaintiff warrants he has 100% ownership of the claims he is waiving through this Agreement and that he has complete legal authority to enter into this Agreement. This Agreement shall benefit and bind the parties, their representatives, heirs and successors. Each party agrees that it shall not assign, and represents and warrants that it has not assigned, any interest in this Agreement.

11. Should any provisions of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

12. This agreement has been fully and fairly negotiated by the attorneys for Plaintiff and Defendants. This Agreement is the work product of all parties and shall not be construed as "drafted by" any single party or construed "against" any party.

13. Plaintiff releases all claims, as more specifically described in paragraph 2, against Defendants willingly, freely, and without duress.

14. Plaintiff agrees that he will not disparage Defendants or communicate any false or misleading information about Defendants, any matter relating to Plaintiff's employment with Defendants, and/or the circumstances surrounding any Plaintiff's separation of employment from Defendants. Defendants agree to give Plaintiff a neutral reference limited to dates of employment, position held, and rate of pay.

15. This Agreement is contingent upon obtaining review and approval of the Agreement by the Court in the Litigation, and Plaintiff agreeing to cooperate fully in the preparation and presentation of joint motions to obtain such approval. This Agreement shall also be contingent upon Plaintiff becoming a party to this Agreement and not revoking the same.

16. In the event that any of the Parties to this Agreement breach any portion thereof, the prevailing party in an action to enforce this Agreement may recover from the breaching party its reasonable attorneys' fees and costs.

17. This Agreement shall be interpreted in accordance with the laws of the State of Tennessee. Any disputes arising hereunder will be litigated in a court of competent jurisdiction in the State of Tennessee, and the Parties expressly consent to jurisdiction in such forum.

18. To facilitate the execution of this Agreement, it may be executed in multiple counterparts, each of which shall constitute an original, but which together shall constitute a single Agreement.

19. The validity, construction, interpretation, performance and enforcement of this Agreement shall be governed by the laws of the State of Tennessee. Any claim concerning this Agreement shall be brought in the federal courts located in Shelby County, Tennessee.

_____
Alexander Steele                                              DATE

Staffmark Investments, LLC by

Name: _____
                                                                        DATE

Title: _____

Newegg Inc. by

3774169v.1
3833833v.1

Name: _____
                                                                     DATE

Title: _____