IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEXANDER STEELE, <br>     Plaintiff, <br> v. <br> STAFFMARK INVESTMENTS, LLC, a Delaware Limited Liability Company, and NEWEGG INC., a Delaware Corporation, <br>     Defendants. | No. 16-cv-2069-SHL-cgc |

**ORDER APPROVING FLSA SETTLEMENT**

Before the Court is the parties' Joint Motion for Approval of Settlement. (ECF No. 18.) As detailed in a previous order, this case involves claims brought under the Fair Labor Standards Act ("FLSA"), and, accordingly, any settlement of those claims must be approved by the Court. (See ECF No. 15.) After review of the parties' proposed settlement, the Court finds that it is reasonable and fair, and hereby **APPROVES** the proposed settlement.

I.    Background and Proposed Settlement

Plaintiff Alexander Steele ("Plaintiff"), a temporary worker hired by Defendant Staffmark Investments, LLC ("Staffmark"), a temporary agency, was placed as a picker/packer with Defendant Newegg, Inc. ("Newegg"), from February, 2014, until April 20, 2014. (ECF No. 18 at 3.) The gravamen of Plaintiff's Complaint is that, in the eight (8) weeks he worked at Newegg, he alleges that he regularly worked sixty hours per week, but was not properly compensated for overtime. Moreover, he alleges that when he complained about his insufficient compensation to Newegg, he was retaliated against and constructively discharged. Although Newegg produced Plaintiff's timesheets and pay stubs to Plaintiff's counsel, which indicated that

he was paid for the hours reflected on his timesheets, Plaintiff alleges that Newegg manipulated his timesheets to reflect fewer hours than he actually worked. To resolve this factual dispute, the parties' proposed settlement provides that Plaintiff will receive $5,500, and Plaintiff's counsel will receive $3,500. (ECF No. 18-1 at 3-4.) Defendants have also agreed to give a neutral recommendation to any prospective employers interested in hiring Plaintiff. (ECF No. 18-1 at 5.) In exchange, Plaintiff agreed to release Defendants from any further liability arising from his employment with Defendants, to never seek future employment with Defendants again, and to not disparage Defendants. (ECF No. 18-1 at 2-3, 5.)

II.     Analysis

As an initial matter, parties are not permitted to settle legal disputes under the FLSA. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). However, they may settle bona fide factual disputes, with approval from a court or the Department of Labor. See Runyan v. Nat'l Cash Register Corp., 787 F.2d 1039, 1042-43 (6th Cir. 1986). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982); see also 29 U.S.C.A. § 216(b). The settlement must also be reasonable. Nutting v. Unilever Mfg. (U.S.) Inc., 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). A court reviews the fairness and reasonableness of the settlement by examining the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010)).

Here, the parties dispute the total number of hours that Plaintiff worked, which is a factual dispute that may properly be resolved by settlement. (ECF No. 18 at 3-4). After reviewing the proposed settlement, the Court makes the following findings: first, there does not appear to be any evidence of fraud or collusion behind the settlement; second, due to the contention that Plaintiff's timesheets were manipulated, litigation would likely be more extensive and expensive than a typical FLSA claim; third, the parties have engaged in informal discovery and Newegg has produced Plaintiff's timesheets and pay stubs, making the settlement figure a more informed one; fourth, the Court is not in a position to determine the likelihood of Plaintiff's success on the merits at such a nascent stage of the litigation; fifth, the parties state that the proposed payment to Plaintiff "compensates him for all damages alleged in his Complaint during the time he was able to work including a payment of liquidated damages in the amount of 72.87% of his maximum recovery of liquidated damages," (ECF No. 18 at 10); and, sixth, counsel for all parties have submitted a joint motion attesting to the reasonableness and fairness of the settlement. Accordingly, all six Nutting factors weigh in the favor of approving the proposed settlement.

The Court must also scrutinize the award of attorney's fees when reviewing a proposed FLSA settlement. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336-37 (S.D.N.Y. 2012). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotation marks omitted) (citations omitted). In non-class action cases, the Sixth

Circuit determines the reasonableness of attorney's fees by comparing the proposed fees to a lodestar figure (the amount of hours worked by the attorney multiplied by a court-ascertained reasonable hourly-rate).  See Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir. 1993).  Here, Plaintiff's counsel states that $3,500, the amount she is to receive pursuant to the proposed settlement, represents half of the lodestar figure.  (ECF No. 18 at 11-12).  The Court is unconvinced by Plaintiff's counsel's conclusion as to the lodestar figure without an accounting of the number of hours she worked and without the Court's input on what constitutes a reasonable hourly-rate.  Nonetheless, the Court can examine the figure to try to assess its reasonableness.  Plaintiff's counsel incurred $339.12 in expenses, reducing her fees to $3160.88, which represents 35% of the total settlement amount.  (ECF No. 18 at 11.)  While this fee is undoubtedly high, particularly considering that this case has been active for less than three months with no dispositive motions filed or formal discovery taken, the Court finds that the fee is reasonable when considering the total amount that Plaintiff will recover under the proposed settlement.

Lastly, because the inclusion of confidentiality provisions in FLSA settlements would contravene one of the main purposes of the FLSA (to inform workers of their rights), the Court must reject FLSA settlements that include confidentiality provisions.  Galvez v. Americlean Servs. Corp., 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012).  Here, although the proposed settlement includes a non-disparagement clause, that clause does not prohibit public access to the settlement, and does not forbid Plaintiff from discussing the terms of his settlement.

Because all six Nutting factors weigh in favor of approving the proposed settlement, the attorney's fees are reasonable, and there is no confidentiality provision, the Court **APPROVES** the proposed settlement and hereby **DISMISSES WITH PREJUDICE** all claims in this matter.

**IT IS SO ORDERED**, this 15th day of April, 2016.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE